IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER RAY YORK                                                                    PLAINTIFF

v.                                              Civil No. 6:19-CV-06104

KELSEY WEST, MATTHEW MOUSINE,                                                    DEFENDANTS
and CORPORAL WILLIAMS (All of
Arkansas Department of Corrections
Ouachita River Unit)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on August 26, 2019. (ECF No. 1). He alleges his constitutional rights were violated by Defendants on January 3, 2019, while he was incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. (*Id*.). He alleges Defendant Williams sexually assaulted him by touching his genitals with her "backside." He further alleges she then employed excessive force against him when she kicked him in the head while he was wearing restraints. (*Id*. at 4-5). Plaintiff alleges Defendant Mousine slammed his head on the left temple after he was kicked. (*Id*. at 5). Finally, Plaintiff alleges Defendant Williams kicked him in the head. (*Id*. at 6).

Plaintiff proceeds against Defendants West and Williams in both their official and personal capacities. (*Id*. at 4, 6). He proceeds against Defendant Mousine in his official capacity alone. (*Id*. at 5). Plaintiff seeks compensatory and punitive damages. (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's official capacity claims are barred by sovereign immunity. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998). The Defendants in this case are all employees of the ADC. Thus, Plaintiff's official capacity claims against the Defendants are claims against the ADC. *Id.* The ADC is a state agency. *See Fegans v. Norris,* 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983.

*Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

The Defendants in this case are all employees of the State of Arkansas. As such, the official capacity claims against them for monetary damages are barred by sovereign immunity.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims against all Defendants be DISMISSED WITHOUT PREJUDICE. As Plaintiff only brought official capacity claims against Defendant Mousine, I recommend he be DISMISSED as a party in this case. I further recommend that Plaintiff's personal capacity claims against Defendant West for sexual assault and excessive force, and his personal capacity claim against Defendant Williams for excessive force remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of October 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE