IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER RAY YORK                                                                PLAINTIFF

v.                              Case No. 6:19-cv-6104

KELSEY WEST; MATTHEW MOUSINE;
and CORPORAL WILLIAMS[1]                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on October 17, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). This matter was referred to Judge Bryant for preservice screening pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Judge Bryant recommends that Plaintiff's official capacity claims be dismissed because they are barred by sovereign immunity. Plaintiff has filed timely Objections to the Report and Recommendation. (ECF No. 9). The Court finds this matter ripe for consideration.

On August 26, 2019, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging constitutional violations that occurred while he was incarcerated in the Arkansas Department of Corrections ("ADC"), Ouachita River Unit. Specifically, Plaintiff alleges that he was sexually assaulted by Defendant West[2] and that all Defendants used excessive force against him. Plaintiff sues Defendants West and Williams in both their individual and official capacities. Defendant Mousine is sued in his official capacity only.

---

[1] In his Objections, Plaintiff states that Defendant Matthew Mousine's name is actually Matthew Mongins. For the sake of consistency, the Court refers to Mongins as Mousine in this order.

[2] Judge Bryant states that Plaintiff was sexually assaulted by Defendant Williams, but later states that Plaintiff was sexually assaulted by Defendant West. Plaintiff, in his Objections, states that he was sexually assaulted by Defendant West.

On October 17, 2019, Judge Bryant filed the instant Report and Recommendation. Judge Bryant found that Plaintiff's official capacity claims against all Defendants amounted to claims against their employer, the ADC—an Arkansas state agency. As such, Judge Bryant concluded that Plaintiff's official capacity claims are barred by sovereign immunity because states and state agencies are not entities amenable to suit under section 1983.

Plaintiff's Objections do not address the issue of sovereign immunity—the sole issue Judge Bryant ruled on.[3] Nonetheless, the Court has conducted a *de novo* review and finds that Judge Bryant correctly found that Plaintiff's official capacity claims are barred by sovereign immunity. *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (stating that official capacity claims are effectively claims against entity for which defendant works); *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (holding that states and state agencies are not entities amenable to suit under section 1983). Therefore, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 8) *in toto*.

Accordingly, Plaintiff's official capacity claims against all Defendants should be and hereby are **DISMISSED WITHOUT PREJUDICE**. As Plaintiff only brought official capacity claims against Defendant Mousine, he is hereby dismissed as a party in this case. Plaintiff's individual capacity claims against Defendant West for sexual assault and excessive force and his individual capacity claim against Defendant Williams for excessive force remain for service and further consideration.

**IT IS SO ORDERED**, this 30th day of October, 2019.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                Chief United States District Judge

---

[3] Plaintiff's Objections repeatedly argue that he should be allowed to present evidence against Defendants.